UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL CARROLL,

          Plaintiff,

   v.

KELSEY STEWART, JANE DOE,

          Defendants.

CASE NO. 3:15-CV-05170-BHS-JRC

ORDER

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

      Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Presently before the Court are three motions – defendants' motion to stay discovery (Dkt. 19), plaintiff's motion to amend complaint (Dkt. 20) and plaintiff's motion for extension of time (Dkt. 22). Defendants filed responses objecting to plaintiff's motion to amend (Dkt. 21) and motion for extension (Dkt. 23). Plaintiff filed a response objecting to defendants' motion to stay discovery (Dkt. 25). Also pending is defendants' motion to dismiss (Dkt. 17), which the Court will address in a separately filed Report and Recommendation.

ORDER - 1

1.  Plaintiff's Motion to Amend Complaint (Dkt. 20) and Motion for Extension (Dkt. 22)

Under Rule 15 of the Federal Rules of Civil Procedure:

(a) AMENDMENTS BEFORE TRIAL.

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Here, defendants filed their motion to dismiss under Rule 12(b) on June 8, 2015 (Dkt. 17) and plaintiff filed his motion to amend less than 21 days later on June 18, 2015 (Dkt. 20). The Court therefore grants plaintiff's motion to amend as a matter of course.

Plaintiff is advised that the amended complaint will operate as a complete substitute for (rather than a mere supplement to) the original complaint (Dkt. 5). In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Reference to a prior pleading or another document is unacceptable – once plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. Plaintiff must file a new and complete complaint – which he should title "First Amended Complaint." All claims and the involvement of every defendant should be included in the first amended complaint; otherwise, the claims will no longer exist.

In addition, plaintiff requests an extension to respond to defendants' motion to dismiss. Because plaintiff's amended complaint will supersede the original complaint, the Court is recommending in a separate report and recommendation that defendants' motion to dismiss – which attacks the original complaint – be denied as moot. *See Ferdik v. Bonzelet*, 963 F.2d 1258,

1262 (9th Cir. 1992). Therefore, plaintiff's request for an extension to respond to defendants' motion is also denied as moot.

    2. Defendants' Motion to Stay Discovery (Dkt. 19)

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

Defendants contend that proceeding with discovery would be futile at this point because defendants' motion to dismiss shows that plaintiff's complaint is time-barred by the three year statute of limitations. Dkt. 19 at 1; *See* Dkt. 17. However, because plaintiff has leave to amend his complaint and the Court is separately recommending that defendants' motion to dismiss be denied as moot, defendants have not demonstrated good cause to stay discovery. Therefore, defendants' motion to stay discovery is denied.

## CONCLUSION

Plaintiff's motion to file an amended complaint (Dkt. 20) is granted. Plaintiff's motion for extension is denied as moot (Dkt. 22). Defendants' motion to stay discovery is denied (Dkt. 19). Plaintiff may file an amended complaint on or before August 30, 2015. If plaintiff fails to submit a complete amended complaint by that date, this action will proceed on the original complaint (Dkt. 5).

Dated this 28th day of July, 2015.

J. Richard Creatura
United States Magistrate Judge