UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL CARROLL,

        Plaintiff,

   v.

KELSEY STEWART, JANE DOE,

        Defendants.

CASE NO. 3:15-CV-05170-BHS-JRC

ORDER DENYING MOTION FOR SERVICE OF SUBPOENAS

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

      Before the Court is plaintiff's motion for the Court to serve his subpoenas. Dkt. 27. Plaintiff has not shown that he is unable to obtain the requested documents directly from defendants or that he is able to pay the costs associated with production of these documents; therefore, the Court denies plaintiff's motion.

      Plaintiff is proceeding *pro se* and *in forma pauperis.* Dkt. 4. Plaintiff's original complaint alleges that defendant Stewart, a corrections officer, and Jane Doe, defendant Stewart's

ORDER DENYING MOTION FOR SERVICE
OF SUBPOENAS - 1

1 supervisor, had plaintiff illegally incarcerated sometime between 2012 and 2013. *See* Dkt. 5.
2 Plaintiff was granted leave to amend his complaint as a matter of course (Dkt. 28) and on August
3 31, 2015, plaintiff filed his proposed amended complaint. Dkt. 31. Plaintiff's proposed first
4 amended complaint has not been served on the newly named defendants.

5                                                   DISCUSSION

6        All civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to
7 any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A discovery request need not call for
8 evidence that would be admissible at trial, so long as the request "appears reasonably calculated
9 to lead to the discovery of admissible evidence." *Id*. However, the court can limit discovery for
10 numerous reasons, including that the discovery sought "can be obtained from some other source
11 that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

12       These general discovery limitations apply with equal force to subpoenas to third parties.
13 *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006). A court can quash or
14 modify a subpoena that does not seek information that falls within the broad scope of permissible
15 discovery. *Id*. at 680. A party issuing a subpoena "must take reasonable steps to avoid imposing
16 undue burden or expense" on the subpoena's target and the court from which the subpoena issues
17 must enforce this restriction. *See* Fed .R. Civ. P. 45 (d)(1). The court must balance relevance,
18 the requesting party's need for the information, and the hardship to the subpoena's target.
19 *Google*, 234 F.R.D. at 680.

20       A motion for issuance of a subpoena should be supported by clear identification of the
21 documents sought and a showing that the records are obtainable only through the identified third
22 party. *See, e.g., Davis v. Ramen,* 2010 WL 1948560, *1 (E.D. Cal. 2010). The "Federal Rules of
23 Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or

ORDER DENYING MOTION FOR SERVICE
OF SUBPOENAS - 2

1  unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark,* 139

2  F.R.D. 601, 605 (M.D.Pa. 1991); *see also, United States v. Columbia Broadcasting System, Inc.*,

3  666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party).

4  Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these

5  factors. *Badman,* 139 F.R.D. at 605.

6        Furthermore, while a plaintiff proceeding *in forma pauperis* may be entitled to obtain

7  service of a subpoena pursuant to 28 U.S.C. § 1915(d), he still remains responsible, despite his *in*

8  *forma pauperis* status, to pay all fees and costs associated with the subpoenas. *See Tedder v.*

9  *Odel,* 890 F.2d 210, 211-12 (9th Cir. 1989).  For example, if the Department of Corrections

10  ("DOC") charges a service and/or copying fee for providing the records requested, it would be a

11  wasteful and frivolous expenditure of time and resources of the Court and the Marshal's Service

12  to issue and serve such a subpoena if plaintiff has not made provision for his share of those costs

13  beforehand.  Because Rule 45(b) requires personal service of a subpoena, directing the United

14  States Marshal's Office to expend its resources serving a subpoena is not regularly granted by

15  this Court.  Even when the U.S. Marshal is directed to serve a subpoena, a plaintiff remains

16  responsible for any associated costs, in accordance with Federal Rule of Civil Procedure 45.

17  Plaintiff is also advised that any non-party, over the age of 18, may serve a subpoena and

18  plaintiff is not limited to requesting that the Court order service. Fed. R. Civ. P. 45(b).

19        Plaintiff's motion seeks to compel non-party King County Jail to produce a list of dates

20  that plaintiff was incarcerated in King County Jail from December 2006 to October 2013; dates

21  that plaintiff was incarcerated at the Regional Justice Center from November 2009 to October

22  2013; a copy of the transport order causing plaintiff to be transferred from the Regional Justice

23  Center to King County Jail; dates that plaintiff was detained in jail related to the transport order;

ORDER DENYING MOTION FOR SERVICE
OF SUBPOENAS - 3

1 name of persons who caused plaintiff to be detained related to the transport order; a copy of
2 plaintiff's release order and name of persons who issued the order; and dates for all warrants
3 issued for plaintiff between November 2009 and October 2013. Dkt. 27-1 at 3.  Plaintiff states
4 that these documents are relevant because they will show that plaintiff "was in jail for/because of
5 DOC, several times between August 16, 2013 and October 18, 2013" and that plaintiff was not
6 terminated from the DOC on August 15, 2013. Dkt. 27 at 6.

7       Plaintiff's second subpoena seeks to compel the DOC to produce documents related to
8 his 2007 judgment and sentence; the names of various DOC supervisors; DOC job descriptions,
9 requirements and duties for community corrections officers; a copy of DOCs community custody
10 "Violations and Hearings" policy and procedures; all "chromos or omni" entries dating from
11 January 1, 2008 to October 31, 2013; all violations reports from November 1, 2009 to October
12 30, 2013; all DOC warrants from November 2009 to October 2013; violation discovery packages
13 from November 200 to October 2013; offered negotiated sanctions; hearings results/findings;
14 dates of plaintiff's arrest and dates he was taken to jail from November 2009 to October 2013;
15 letters written to any and all DOC departments or employees between January 2001 to October
16 31, 2013; and responses, letters and/or correspondence to any and all letters from plaintiff. *See*
17 Dkt. 27-2.  Plaintiff's motion does not describe how these documents are relevant to this cause
18 of action.

19       Plaintiff has not shown that the records requested in his subpoenas are relevant to
20 whether defendant Stewart or defendant Jane Doe illegally incarcerated him. Some of plaintiff's
21 requests, liberally construed, may be relevant or could lead to the discovery of admissible
22 evidence. *See* Fed. R. Civ. P. 26(b)(1).  However, even if all of plaintiff's requests were deemed
23 relevant, he has not shown that he has not or cannot receive the information he seeks by way of

ORDER DENYING MOTION FOR SERVICE
OF SUBPOENAS - 4

discovery propounded directly to defendants. *See Davis,* 2010 WL 1948560 at *1. Nor has plaintiff demonstrated that he is able to afford the expense to these non-parties in providing the requested information. *See* Fed. R. Civ. P. 26, 45. Accordingly, plaintiff's motion for the Court to serve his subpoenas is denied.

DATED this 2nd day of September, 2015.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING MOTION FOR SERVICE
OF SUBPOENAS - 5