UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL CARROLL,

           Plaintiff,

     v.

KELSEY STEWART et al.,

           Defendants.

CASE NO. 3:15-CV-05170-BHS-JRC

**ORDER ON DISCOVERY MOTIONS**

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Before the Court is plaintiff's motion for discovery (Dkt. 55), plaintiff's motion for summary judgment, which the Court interprets as a motion for a continuance (Dkt. 56), and defendant's second motion to stay discovery (Dkt. 58). Defendants filed a response to plaintiff's motion for discovery and motion for a continuance. Dkt. 57. Plaintiff filed a response to defendants' motion to stay discovery. Dkt. 60. Also pending is defendants' motion for summary judgment, which is currently noted for March 25, 2016.

1    In 2007, plaintiff was convicted of a Class C felony, which had a statutory maximum

2  sentence of sixty months. Plaintiff raises allegations related to the community custody portion of

3  his sentence and alleges that several community corrections officers and their supervisor

4  retaliated against him, unreasonably searched his residences, violated his due process rights, and

5  that he was held in jail beyond the statutory maximum of sixty months. Plaintiff served discovery

6  requests on defendants in November 2015 and January 2016 and defendants have failed to

7  respond to plaintiff's discovery requests. Neither party disputes that discovery remains open.

8  Thus, the Court grants plaintiff's motion for discovery (Dkt. 55) and defendants are ordered to

9  file a response to plaintiff's discovery requests by May 20, 2016. The Court also orders

10  defendants to show cause by May 20, 2016 as to why the Court should not award expenses

11  related to the preparation of plaintiff's motion for discovery. Plaintiff's motion for a continuance

12  (Dkt. 56) is also granted and defendants' motion for summary judgment (Dkt. 52) is re-noted for

13  October 30, 2016. Defendants' second motion to stay discovery (Dkt. 58) is denied.

14                                           **BACKGROUND**

15    On March 19, 2015, Plaintiff Michael Carroll filed an IFP application and proposed civil

16  rights complaint.  Dkt. 1. On March 25, 2015, the Court directed service of plaintiff's complaint.

17  Dkts. 5, 6. On May 12, 2015, defendant Stewart filed an answer to plaintiff's complaint. Dkt. 13.

18  The next day, on May 13, 2015, the Court issued a pretrial scheduling order that discovery be

19  completed by September 25, 2015 and dispositive motions be filed by October 23, 2015. Dkt. 15.

20    On June 8, 2015, defendants Jane Doe and Stewart filed a motion to dismiss. Dkt. 17. On

21  June 18, 2015, defendants filed a motion to stay discovery and plaintiff filed a motion to amend

22  his complaint. Dkts. 19, 20. On July 29, 2015, the Court granted plaintiff's motion to amend and

23  denied defendants motion to stay. Dkt. 28. The undersigned also issued a report and

24

1  recommendation that defendants' motion to dismiss (Dkt. 17) be denied as moot as plaintiff was

2  granted leave to file an amended complaint. Dkt. 29. Judge Settle adopted the report and

3  recommendation. Dkt. 30.

4       Plaintiff filed his amended complaint on August 31, 2015. Dkt. 31. In his amended

5  complaint, plaintiff alleges that in 2007, he was sentenced for a Class C felony, which had a

6  statutory maximum of sixty months. Dkt. 31 at 9. Plaintiff alleges that in 2009, in a separate case

7  in this Court, *Carroll v. Lee et al.,* Case No. 08-0975-RSL, defendants' motion for summary

8  judgment was denied. Dkt. 31 at 27.

9       Plaintiff alleges that while serving the community custody portion of his sentence, he was

10  retaliated against because of his pending lawsuit. *Id.* at 27-28. Plaintiff also alleges that

11  defendants failed to follow RCW 9.94A.737, which provides for disciplinary proceedings for

12  community custody violations and that he was harassed and his due process rights were violated.

13  *Id.* at 28. Plaintiff alleges that his home was unreasonably searched. *Id.* at 30. Plaintiff alleges

14  that he was kept in jail for twenty-two days beyond the five-year statutory maximum. *Id.* at 29-

15  31.  Plaintiff also alleges that he was intentionally injured by a CCO. *Id.* at 29. Plaintiff seeks

16  monetary damages. *Id.* at 31-32.

17       Defendant Kelsey filed an answer to plaintiff's amended complaint on September 14,

18  2015. Dkt. 33. On September 21, 2015, the Court directed service of plaintiff's amended

19  complaint. Dkt. 34. On November 20, 2015, defendants Chamberlin, Theissen, and Westberg

20  filed an answer to plaintiff's amended complaint. Dkt. 44. On January 26, 2016, defendants

21  Jackson and Mitchell filed an answer to plaintiff's amended complaint. Dkt. 51.

22       Defendants filed a motion for summary judgment on February 3, 2016. Dkt. 52.  On

23  March 2, 2016, plaintiff filed a motion for extension to file his response to defendants' motion.

24

1   Dkt. 54. The Court granted plaintiff's motion and plaintiff's response was due March 21, 2016.

2   Dkt. 59.

3       On March 7, 2016, plaintiff filed a motion for discovery (Dkt. 55) and motion for

4   continuance of defendants' motion for summary judgment ("motion for continuance") under

5   Federal Rule of Civil Procedure 56 (Dkt. 56). In support of his motion for continuance, plaintiff

6   filed a declaration, signed under penalty of perjury, and copies of his outstanding discovery

7   requests. *See* Dkt. 56-1.

8       On March 10, 2016, defendants filed their response to plaintiff's motion for a

9   continuance, motion for discovery, and their motion for summary judgment. Dkt. 57. On the

10   same date, defendants also filed a second motion to stay discovery. Dkt. 58. Plaintiff filed a

11   response on April 4, 2016. Dkt. 60.

12       The Court notes that an order directing service on defendants Hernandez and Rocky was

13   entered on December 3, 2015 but that these two defendants did not return waivers of service. *See*

14   Dkt. 47. Defense counsel has not appeared on behalf of defendants Hernandez and Rocky and

15   defendants' motion for summary judgment is not brought on behalf of those defendants. *See* Dkt.

16   Defense counsel also states that defendant Hernandez has left the DOC and it is not possible to

17   determine who defendant "Rocky" is. Dkt. 52 at 1, fn. 1.

18

19                           **DISCUSSION**

20 **1.  Motion for Discovery**

21       Plaintiff seeks to compel defendants to respond to his requests for production of

22   documents and requests for admission. Dkt. 55. Defendants argue that the Court should deny

23   plaintiff's motion because a dispositive motion is pending. Dkt. 57.

24

1    Federal Rule of Civil Procedure 26(b) establishes the scope of discovery and states in

2  pertinent part:

3       Parties may obtain discovery regarding any nonprivileged matter that is relevant
        to any party's claim or defense—including the existence, description, nature,
4       custody, condition and location of any documents or other tangible things and the
        identity and location of persons who know of any discoverable matter.
5

6  Fed.R.Civ.P. 26(b)(1).  The court may order discovery of any matter relevant to the subject

7  matter involved in the action. Relevant information need not be admissible at the trial if the

8  discovery appears reasonably calculated to lead to the discovery of admissible evidence.

9  "Relevance for purposes of discovery is defined very broadly."  *Garneau v. City of Seattle*, 147

10  F.3d 802, 812 (9th Cir.1998).

11    When a party fails to permit inspection of documents under Rule 34, the requesting party

12  may move the court for an order compelling discovery.  Fed. R. Civ. P. 37(a)(3).  For purposes

13  of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a

14  failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  Rule 37(a)(1) of the Federal

15  Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion

16  a certification that the moving party "has in good faith conferred or attempted to confer" with the

17  party failing to make disclosures.  Local Rule 37(a)(1)(A) provides that "a good faith effort to

18  confer with a party or person not making a disclosure or discovery requires a face-to-face

19  meeting or a telephone conference."

20    Under Rule 36, the requesting party may move to determine the sufficiency of a request

21  for admission and the Court may order that the matter is admitted or that an amended answer be

22  served. Fed. R. Civ. P. 34. The Court notes that requests for admissions are intended to eliminate

23

24

REPORT AND RECOMMENDATION- 5

1    those issues on which there are no genuine disputes between the parties. *See Bovarie v.*

2    *Schwarzenegger,* 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011) (citation omitted).

3         In his motion for discovery, plaintiff establishes that he sent defendants a request for

4    production of documents on November 17, 2015. Dkt. 55 at 2, 6; Exhibit 1. On December 22,

5    2015, plaintiff wrote defense counsel a letter, asking them to respond to this request for

6    production of documents. *Id.* at 6, Exhibit 2. On January 21, 2016, plaintiff wrote defense

7    counsel a second letter, asking them again to respond to his discovery requests. *Id.* at 7, Exhibit

8    3. Plaintiff also sent defendants a request for admissions. *Id.,* Exhibit 4.

9         Plaintiff states that he did not receive a response from defendants as to his request for

10   production of documents or request for admissions by the deadline and received no response

11   from defense counsel. Dkt. 55 at 2, 6, 7.

12        Defendants do not dispute that they received plaintiff's discovery requests. Dkt. 57 at 1.

13   Nor do they dispute that they have failed to respond to plaintiff's discovery requests. *See* Dkt.

14   57. Defendants acknowledge that they have conferred with plaintiff and asked plaintiff to stay

15   discovery until the Court rules on defendants' motion for summary judgment but that plaintiff

16   did not agree to stay discovery. Dkt. 57 at 1-2. Defendants argue that the Court should deny

17   plaintiff's discovery motion and instead, stay discovery pending their motion for summary

18   judgment. *Id.* at 3-4.

19        As an initial matter, the Court notes that although the Court issued a pretrial scheduling

20   order on May 13, 2015 setting a discovery deadline at September 25, 2015 and a pretrial

21   dispositive motion deadline of October 23, 2015, it does not appear that the parties are disputing

22   that discovery remains open. *See* Dkts. 15 (pretrial scheduling order), 55, 56, 57, 58. Defendants

23   do not argue that plaintiff's discovery requests sent in November 2015 and January 2016 were

24

1  untimely. *See* Dkts. 57, 58. Furthermore, plaintiff does not allege that defendants' motion for

2  summary judgment is untimely. Dkts. 55, 56. Thus, the Court will not address the issue of

3  timeliness and will proceed to address the merits of the parties' motions.

4      Defendants have entirely failed to respond to plaintiff's discovery requests. The deadline

5  to respond to plaintiff's discovery requests has long since passed. *See* Fed R. Civ. P. 34, 36. With

6  respect to plaintiff's request for production of documents, defendants were required to either

7  comply with plaintiff's requests, or state an objection to the request, including the reasons. *See*

8  Fed. R. Civ. P. 34(b)(2)(B). With respect to plaintiff's requests for admission, defendants were

9  required to admit or deny each request. *See* Fed. R. Civ. P. 36(a)(4). Here, defendants failed to

10  take any action at all and have failed to comply with the Federal Rules governing discovery.

11      Thus, the Court finds that plaintiff is entitled to an order compelling discovery from

12  defendants in light of their failure to answer plaintiff's requests for production of documents and

13  request for admissions. *See* Fed. R. Civ. P. 34, 36, 37. The Court orders defendants to produce

14  the items requested in the request for production and fully and accurately answer requests for

15  admission that have been propounded. If defendants are unable to provide an answer or produce

16  a document, they must provide an adequate explanation of why not.

17      Accordingly, plaintiff's motion for discovery (Dkt. 55) is granted. No later than May 20,

18  2016, defendants must respond to plaintiff's request for production of documents and requests

19  for admission.

20      **2.  Award of Reasonable Expenses**

21      In plaintiff's motion for discovery, he seeks an award of $300 to be paid towards the

22  filing fee for this case and $100 for the costs of preparing, copying, postage and filing of

23

24

REPORT AND RECOMMENDATION- 7

plaintiff's motion for discovery and a continuance. Dkt. 55 at 2-3.  Defendants do not respond to

plaintiff's request. *See* Dkt. 57.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that:

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). "A request for discovery is 'substantially justified' under Rule 37 if

reasonable people could differ on the matter in dispute." *United States EEOC v. Caesars Entm't,*

*Inc.,* 237 F.R.D. 428, 435 (D. Nev. 2006) (*citing Reygo Pacific Corp. v. Johnston Pump Co.,* 680

F.2d 647, 649 (9th Cir. 1982)). Generally, a pro se party who acts for himself is not entitled to

attorney's fees. *See Bone v. Hibernia Bank,* 354 F.Supp. 310, 311 (N.D. Cal. 1973).

With respect to plaintiff's request for $300 towards the filing fee, plaintiff also was

granted *in forma pauperis* status in his case and thus, he did not incur a filing fee. *See* Dkt. 4.

Even if an initial partial filing fee or subsequent fees have been collected, *see* Dkt. 4, plaintiff's

filing fee is not a reasonable expense incurred in relation to his motion to compel. *See* Fed. R.

Civ. P. 37(a)(5)(A). Therefore, this request is denied. With respect to plaintiff's request for $100

for the expenses incurred in the preparation of his motion for discovery, the Court notes that

plaintiff is proceeding *pro se* and did not incur any attorney's fees in bringing this motion for

discovery or his motion for a continuance. However, defendants are ordered to show cause as to why the Court should not award expenses related to the mailing, copying, and preparation of plaintiff's motion based on their failure to comply with plaintiff's discovery requests. Defendants must show cause on or before May 20, 2016.

The Court also notes that failure by the defendants to file and serve responses to plaintiff's discovery requests by the May 20, 2016 deadline may result in the imposition of further sanctions in accord with Federal Rule of Civil Procedure 37(b).

**3.   Motion for a Continuance**

In addition to this motion for discovery, plaintiff also seeks a continuance of defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). Dkt. 56. Defendants argue that plaintiff has failed to articulate facts that the evidence he is seeking is relevant to his case or how such information will preclude summary judgment or demonstrated a basis for believing that any of the evidence exists. Dkt. 57.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

However, Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to prevail under Rule 56(d), the party opposing summary judgment must make " '(a) a timely application which (b) specifically

identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.' " *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (*quoting VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted).

Accordingly, in light of plaintiff's outstanding discovery request and the Court's order that defendants must file a response, the Court finds that plaintiff has demonstrated that he cannot present facts to justify his opposition to defendants' motion for summary judgment without further discovery. *See* Dkt. 56; Fed. R. Civ. P. 56(d).  Plaintiff submits his declaration, which identifies the relevant information sought included in his request for production of documents and requests for admission. *See* Dkt. 56 at 14-19. Plaintiff asserts the discovery responses will provide him with information on his allegation that he was incarcerated beyond the statutory maximum. Dkt. 56 at 17-18. These discovery requests are currently outstanding and as stated above, the Court has ordered defendants to file responses. *See VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir.1986) ("Summary denial is especially inappropriate where the material sought is also the subject of outstanding discovery requests."); *Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1519 (9th Cir.1987) ("It was error for the trial court to have granted defendants' motion for summary judgment without first having determined the merits of plaintiff's pending discovery motion.").

Moreover, there is no evidence that plaintiff failed to diligently pursue discovery when he filed his request for the production of documents in November 2015 or his requests for

1 | admission in January 2016. Plaintiff's amended complaint was not filed until August 31, 2015

2 | and it was not served on defendants until September 21, 2015. Dkt. 34. And as stated above,

3 | neither party appears to dispute the fact that discovery remains open.

4 |     The Court finds that plaintiff has met the requirements of Rule 56(d) to require further

5 | discovery prior to ruling on defendants' motion for summary judgment.

6 |     **4.** **<u>Second Motion to Stay Discovery</u>**

7 |     Defendants also move to stay discovery pending their motion for summary judgment

8 | (Dkt. 58). Because the Court grants plaintiff's motion for discovery (Dkt. 55) and his motion for

9 | a continuance (Dkt. 56), the Court denies defendants' second motion to stay discovery (Dkt. 58)

10 | as moot.

11 |     **5.** **<u>Amended Pretrial Scheduling Order</u>**

12 |     Because the court has concluded that plaintiff's motion for a continuance (Dkt. 55) is

13 | granted, the court will defer ruling on the pending motion for summary judgment (Dkt. 52) until

14 | such time as discovery is complete. Accordingly, the Court issues the following revised pretrial

15 | scheduling order.

16 |     a. *Discovery*

17 |     Defendants shall provide the additional discovery noted in this order on or before May

18 | 20, 2016. The parties may conduct additional discovery until August 30, 2016. Any further

19 | motions to compel must be filed on or before September 30, 2016.

20 |     b. *Dispositive Motions*

21 |     Dispositive motions shall be filed on or before October 30, 2016. Ruling on the currently-

22 | pending motion for summary judgment is deferred pending the completion of additional

23 |

24 |

REPORT AND RECOMMENDATION- 11

1  discovery provided for in this order and the motion for summary judgment (Dkt. 52) is re-noted

2  for October 30, 2016.

3       Dated this 22nd day of April, 2016.

4

5                                    J. Richard Creatura

6                                    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION- 12